William C. WEAVER and Sandra E. Weaver, Plaintiffs,

v.

OWENS–CORNING FIBERGLAS CORP., et al., Defendants.

George E. Harbaugh and Janet Harbaugh, Plaintiffs,

v.

Owens–Corning Fiberglas Corp., et al., Defendants.

Gerald G. Jones and Geraldine M. Jones, Plaintiffs,

v.

Owens–Corning Fiberglas Corp., et al., Defendants.

Julian L. Hayden, Plaintiff,

v.

Owens–Corning Fiberglas Corp., et al., Defendants.

Francis C. Montgomery and Susan Montgomery, Plaintiffs,

v.

Owens–Corning Fiberglas Corp., et al., Defendants.

Douglas N. Ricker, and Dereda Ricker, Plaintiffs,

v.

Owens–Corning Fiberglas Corp., et al., Defendants.

Joseph S. Quade and Joann Quade, Plaintiffs,

v.

Owens–Corning Fiberglas Corp., et al., Defendants.

George H. East and Erica East, Plaintiffs,

v.

GAF Corporation, et al., Defendants.

Richard A. Ford and Ann Ford, Plaintiffs,

v.

Owens–Corning Fiberglas Corp., et al., Defendants.

Robert B. Garner, Jr., Plaintiff,

v.

Owens–Corning Fiberglas Corp., et al., Defendants.

Fred Williams and Marcella Williams, Plaintiffs,

v.

Owens–Corning Fiberglas Corp., et al., Defendants.

Zacharias P. Walters, Jr. and Barbara Walters, Plaintiffs,

v.

Garlock, Inc., et al., Defendants.

Dewey Brummett and Eva Brummett, Plaintiffs,

v.

AC & S, Inc., et al., Defendants.

David M. Burkholder and Artie Burkholder, Plaintiffs,

v.

Owens–Corning Fiberglas Corp., et al., Defendants.

Nos. CIV.A. 01–2649(JR), CIV.A. 01–2651(JR), CIV.A. 01–2652(JR), CIV.A. 01–2653(JR), CIV.A. 01–2654(JR), CIV.A. 01–2656(JR), CIV.A. 01–2657(JR), CIV.A. 01–2658(JR), CIV.A. 01–2659(JR), CIV.A. 01–2660(JR), CIV.A. 01–2662(JR), CIV.A. 01–2664(JR), CIV.A. 01–2665(JR), CIV.A. 01–2667(JR).

United States District Court, District of Columbia.

March 7, 2002.

removed on the same theory: that a *different* asbestos producer, Federal–Mogul Global, Inc., had petitioned for Chapter 11 bankruptcy relief; that, because Honeywell has a claim of indemnification against Federal–Mogul with respect to certain so-called "friction product claims" pending against Honeywell, the friction product claims against Honeywell are "related to" the Federal–Mogul chapter 11 proceedings within the meaning of 28 U.S.C. § 157(a); that, indeed, on December 19, 2001, Judge Alfred M. Wolin provisionally ordered all the friction product claims against Honeywell withdrawn from the Bankruptcy Court and transferred to the United States District Court for the District of Delaware; and that (accordingly) neither the Superior Court nor this Court had jurisdiction any longer of the friction product claims pending against Honeywell in any of the seventeen cases.

Notwithstanding his provisional order, after a hearing on February 8, 2002, Judge Wolin decided that he did *not* have jurisdiction of the friction product claims, denied the motions to transfer those claims to his court, and ordered the claims remanded to the state courts from which they were removed. On February 11, the United States Court of Appeals for the Third Circuit granted an emergency motion staying that remand order pending full consideration by a three-judge panel.

Before this Court are motions filed by the plaintiffs in the three February 20 status conference cases to remand their cases to Superior Court and motions filed by Honeywell for a temporary stay of the remand motions.[2] The remand motions

Peter Candito DePaolis, Koon, McKenney, Johnson, DePaolis & Lightfoot, Falls Church, VA, for plaintiff.

Katherine Sacco Duyer, Gavett and Datt, P.C. Rockville, MD, James Earl McCollum, Jr., James E. McCollum, Jr. & Associates, P.C., Baltimore, MD, for defendants.

### *MEMORANDUM*

ROBERTSON, District Judge.

These asbestos product liability cases were removed from the Superior Court of the District of Columbia on December 21, 2001, by Honeywell International Inc., formerly known as AlliedSignal Inc., as successor in interest to Bendix Corporation ("Honeywell"). All three of the cases in which I held a status conference on February 20, 2002[1] (and fourteen more) were

1. The cases were those transferred from Judge Kessler to me: 01–2656, 01–2657, and 01–2660.

2. By agreement recorded in the transcript of the status conference on February 20, the

remand motion is deemed to be filed as well in cases 01–2649, 2651, 2652, 2653, 2654, 2658, 2659, 2661, 2662, 2664, and 2667, and it will be granted as to each of those cases *except* 01–2661, which appears to have re-

assert that I lack subject matter jurisdiction of the removed actions because the claims in question are not "related to" the Federal–Mogul chapter 11 proceedings. The stay motions assert that I lack jurisdiction to remand the removed actions, because—at least until the Third Circuit dissolves its own stay—Judge Wolin's provisional order is still in effect. In a supplemental filing, indeed, Honeywell notes that, on February 15, the Seventh Circuit issued a writ of mandamus to a district judge in Illinois who had remanded friction product claims, directing him to recall his remand.

In the status conference held here on February 20, Honeywell insisted that its only interest was in separating the friction product claims *against itself* from the state court proceedings. But Honeywell's "massive campaign" of removal, *In re Federal–Mogul Global, Inc.*, No. 01–10578 (Del.Bankruptcy, Feb. 15, 2002) at 4, removed whole cases and not only the claims against itself. The removals are legal monkey wrenches thrown into the dockets of the state courts where the asbestosis cases are pending, and they are likely to cause enormous disruption. All of the asbestosis cases pending in the Superior Court for the District of Columbia are covered by an elaborate case management order entered by the presiding judge of the Civil I Branch of the Civil Division. The three February 20 status conference cases, for example, are all set for trial.

Equitable remand pursuant to 28 U.S.C. § 1452(b) is obviously warranted to avoid disruption to the Superior Court docket and prejudicial delay to the other litigants in these cases—if, that is, I have jurisdiction to issue the remand order.

If there is any jurisdictional impediment to a remand order, it must be in Judge Wolin's provisional transfer order. *See In re General Motors Corporation*, No. 02–1273 (7th Cir., Feb. 15, 2002). The Seventh Circuit's rationale was that Judge Wolin's provisional order "effectively transferred the *cases* pending in the Southern District of Illinois to the District of Delaware. The order contemplated an immediate transfer, and no further action was necessary to effectuate the transfer."[3] (Emphasis added.)

Judge Wolin's orders operate, however, not upon cases, but upon claims. It does appear that I cannot touch the Honeywell friction product claims, but I can see no impediment to remanding the cases—*sans* the Honeywell friction product claims. Honeywell and the plaintiffs represented by Koonz, McKenney will have no objection to this, as they made just such a proposal at the February 20 status conference. Tr. 2/20/02 at 10. As I said at that conference, the only problem is a mechanical one, but the transfer of all seventeen cases to the undersigned judge has made the mechanics much easier than they first

moved the same Superior Court case that was also removed by General Motors in case 01–2692. This ruling also covers case 01–2665, in which a remand motion has been filed. It does *not* cover cases 01–2648 and 2663, in which the plaintiffs are represented by counsel other than Koonz, McKenney, Johnson, DePaolis & Lightfoot, but if and to the extent those cases present the same legal issue as the other cases, counsel may expect the same result in those cases if remand motions are filed.

3. Judge Wolin issued a "clarification" of his provisional order on January 4, 2002. The provisional order, he said, would cover "any Friction Product Claim that would have been subject to a Provisional Transfer Order previously issued by this Court but for the fact that such Friction Product Claim had not yet been removed on the date the Provisional Transfer Order was issued. . . ."

appeared. An appropriate remand order accompanies this memorandum.

## ORDER

For the reasons set forth in the accompanying memorandum, it is this 6th day of March 2002,

**ORDERED** that Honeywell's motions to stay consideration of plaintiffs' remand motions are **denied**. And it is further

**ORDERED** that the above-captioned cases are **remanded** to the Superior Court for the District of Columbia. And it is further

**ORDERED** that the **claims** in these cases denominated Friction Product Claims by the United States District Court for the District of Delaware in its order of December 19, 2001 in the matter styled *In re Federal–Mogul Global, Inc.,* et al., Chapter 11 Case Nos. 01–10578, et al. are **provisionally severed** from these cases and **not remanded** pending further order of this Court. And it is further

**ORDERED** that the Clerk serve this order and the accompanying memorandum on plaintiffs and defendant Honeywell, **and that Honeywell, the removing party, serve the other defendants in the above-captioned cases within seven days of the date of this order.**